**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOIS M. VIRKLER,**

        **Plaintiff,**

**-vs-**          Case No.  6:04-cv-1652-Orl-28DAB

**HERBERT ENTERPRISES, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument[1] on the following motion filed herein:

> **MOTION:**    **MOTION FOR SANCTIONS AGAINST DEFENDANT'S ATTORNEYS (Doc. No. 130)**
>
> **FILED:**    **January 27, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks sanctions against defense counsel pursuant to the provisions of 28 U.S.C. § 1927 for "having unreasonably and vexatiously multiplied the proceedings" in allegedly not advising Plaintiff's counsel that a bankruptcy petition had been prepared. While the Court understands the frustration of Plaintiff's counsel, the fact that Defendant chose to exercise its right to file a bankruptcy petition at an inopportune time is not sanctionable, and, in any event, is not an offense chargeable to its counsel.

---

[1] Plaintiff's request for oral argument is denied.

Title 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." To be liable under section 1927, counsel must have engaged in "serious and studied disregard for the orderly process of justice." *Jerelds v. City of Orlando*, 194 F.Supp.2d 1305, 1311 (M.D.Fla.2002) (internal citations omitted). The Court sees no such conduct here.

Defendant's filing of a bankruptcy petition should come as no surprise to Plaintiff. As Plaintiff's counsel admits, defense counsel "raised the specter of a possible bankruptcy filing" on September 19, 2005. Counsel advised the Court that if Defendant lost the motions for summary judgment, "then it was expected that Defendant would file for bankruptcy." As averred by Plaintiff, on December 22, 2005, Judge Antoon again inquired of Defendant's counsel whether a bankruptcy petition had been filed or was expected to be filed. The answer was that one had not yet been filed and it was uncertain whether one would. Plaintiff presents nothing to doubt the truth of this statement.

On the day before trial, Plaintiff deposed Defendant's principal and counsel inquired after the deposition whether a bankruptcy petition had been filed and was advised that none had. Again, the record supports the truth of this statement.

On January 17, 2006, after jury selection but prior to opening statements, Defendant filed for bankruptcy and defense counsel so advised the Court. In his Affidavit, Plaintiff's counsel contends that, as the petition itself indicates that it was signed and filed in Ohio on January 17, it must have been prepared and signed many days prior to January 17, as Defendant was in Orlando at that time. While the electronic signature date is curious, any discrepancy is of no moment. The signature on the papers does not trigger bankruptcy protection; rather, the papers must be filed. It is undisputed that

-2-

Defendant used a different law firm for the bankruptcy filing, and there is nothing to suggest that defense counsel here participated in any way in the preparation or filing of the petition. Indeed, defense counsel avers that the decision to file bankruptcy was determined by Defendant "only moments before the bankruptcy occurred." (Doc. No. 133-2).[2]

This is not a motion for sanctions against Defendant. Indeed, such a motion is not only barred by the automatic stay, but would be untenable in any event, as filing for bankruptcy is a privilege afforded by law. To the extent Plaintiff seeks to sanction counsel for the act of his client, Plaintiff must show that *counsel* independently behaved inappropriately. No such showing has been made. As set forth above, counsel advised the Court and Plaintiff early on that Defendant was contemplating bankruptcy, and, upon the filing, immediately notified both of same. At no time did counsel represent that a filing would not be made (and, indeed, such a representation would be, at best, a mistake absent proof of a deliberate attempt to mislead), nor is there evidence that counsel acted inconsistently with his ethical obligations to the Court. While it certainly would have been more convenient if the Court, the jury, Plaintiff and her counsel knew in advance the exact timing of the filing so that plans could have been made accordingly, alas – the court cannot compel clairvoyance, nor can it force a litigant to file bankruptcy by a date certain, or not at all.

The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on February 8, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, as defense counsel suggests, further inquiry into what defense counsel knew and when he knew it implicates the attorney-client privilege.

Copies furnished to:

Counsel of Record